**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ERIC ADDISON HOMAN, :
: Civil Action No. 13-1466 (MAS)
:
Plaintiff, :
:
v. : **OPINION**
:
NEW JERSEY DEPARTMENT OF :
CORRECTIONS, et al., :
:
Defendants. :

**APPEARANCES:**

    ERIC ADDISON HOMAN, Plaintiff pro se
    #671009/282758-D
    Northern State Prison
    168 Frontage Road
    Newark, New Jersey 07114

**SHIPP**, District Judge

    Plaintiff, Eric Addison Homan, a state inmate currently confined at the Northern State Prison in Newark, New Jersey, seeks to bring this action *in forma pauperis*. This case initially was administratively terminated by Order entered on May 3, 2013, because Plaintiff had failed to provide the Court with his address as required under L.Civ.R. 10.1(a). (ECF No. 4.) The Order permitted Plaintiff to re-open his case upon Plaintiff's provision of his contact information satisfying the appropriate Rules of the Court. (*Id.*) Plaintiff later submitted a request to re-open his case and provided the requisite Notice of Change of Address as directed. (ECF No. 6.) The

case was re-opened on June 16, 2014. (ECF No. 7.) Based on Plaintiff's affidavit of indigence and prison account statement, the Court will grant Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint accordingly.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed with prejudice.

## I. BACKGROUND

Plaintiff, Eric Addison Homan ("Plaintiff"), brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Plaintiff names the New Jersey Department of Corrections ("NJDOC"), Southern State Correctional Facility ("SSCF"), and Cray Hughes, Head Administrator at SSCF, as Defendants in this matter. (ECF No. 1, Complaint at Caption, ¶ 4b.)

Plaintiff alleges that, in May 2012, the Special Investigations Division ("SID") at Yardville Youth Correctional Facility investigated Plaintiff and Inmate Deshawn Johnson, who is a member of the street gang, Grape Street Crips, and issued a "keep separate" status. On November 15, 2012, Plaintiff was transferred to SSCF. On November 27, 2012, correctional officers placed Plaintiff in detention/lock-up and informed Plaintiff that he was on "temporary closed custody status." Plaintiff remained in detention for ten days and was then transferred to Northern State Prison. Plaintiff states that after spending five days in detention, he learned that

he was on temporary closed custody status because Inmate Johnson also was housed in SSCF. (*Id.*, ¶ 6, Statement of Claims.)

Plaintiff alleges that since he found out that he had been housed with Inmate Johnson at SSCF, he has been having nightmares and panic attacks. (*Id.*)

Plaintiff seeks $100,000 for psychological trauma and infliction of cruel and unusual punishment. He also asks that a permanent injunction be imposed to ensure that he and Inmate Johnson remain separate from each other. (*Id.*, ¶ 7, Relief.)

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. Specifically, the PLRA directs the district court to screen the complaint for cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to

3

show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*, 556 U.S. at 676). *See also Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) ("The touchstone of the pleading standard is plausibility. ... "[A]llegations that are no more than conclusions are not entitled to the assumption of truth; ... [a court should] "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'") (citations omitted). In short, "[a] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Iqbal*, 556 U.S. at 678-79). Thus, while pro se pleadings are liberally construed, *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 20011), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Nonetheless, courts must be cognizant that the *Iqbal* standard "is not akin to a probability requirement." *Covington v. International Association of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

### III. SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation

4

was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## IV. DISCUSSION

A. Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." As a general rule, a suit by private parties seeking to impose a liability that must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. *See, e.g., Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 389 (1998); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Rivers v. SCI Huntingdon Prison*, 532 F. App'x 91, 93 (3d Cir. 2013). Thus, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against that state or any one of its agencies. *Wisconsin Dept. of Corrections, supra*; *Rivers, supra*. Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 340–41 (1979); *Ellington v. Cortes*, 532 F. App'x 53, 56 (3d Cir. 2013).

Here, the NJDOC is a state entity or agency of the State of New Jersey. *See* N.J. Stat. Ann. 30:1B (establishing "in the Executive Branch of the State Government a principal department which shall be known as the Department of Corrections."). Moreover, SSCF is a sub-part of the NJDOC. *Wilson v. Haas*, No. 11–7001, 2012 WL 6761819, at *5 (D.N.J. Dec.28, 2012) (explaining that "New Jersey state prison facilities are entitled to immunity from suit in

federal court under the Eleventh Amendment and, therefore, they are not "persons" within the meaning of § 1983.") (citing *Grabow v. Southern State Correctional Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989); *Cf. Bey v. Pennsylvania Dept. of Corr.*, 98 F. Supp.2d 650, 657 (E.D.Pa. 2000) (finding that State correctional institutions were arms of the state because those entities were run exclusively by and through the State's Department of Corrections, and therefore they were immune under the Eleventh Amendment from claims raised in a prisoner's § 1983 action). Accordingly, the Complaint against the NJDOC and SSCF is barred by the Eleventh Amendment and should be dismissed with prejudice accordingly, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) 1915A(b)(2).

In addition, the Complaint must be dismissed as against Defendants NJDOC and SSCF because both the NJDOC and the SSCF are not entities cognizable as "persons" for the purposes of a § 1983 suit. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64, 70–71 and n. 10, (1989); *Duran v. Merline*, 923 F. Supp.2d 702, 713, fn. 4 (D.N.J. 2013) (holding that a jail is not a "person" under § 1983).

B. <u>Failure to Protect Claim</u>

Under the Eighth Amendment, prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotations omitted). "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'" *Id.* at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

To successfully state a claim for failure to protect, Plaintiff must allege facts showing (1) he is "incarcerated under conditions posing a substantial risk of harm"; and (2) the prison official

has a "sufficiently culpable state of mind" that amounts to "deliberate indifference to inmate health or safety." *See Farmer*, 511 U.S. at 834, 837, cited in *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). To determine whether officials operated with deliberate indifference, courts question whether they consciously knew of and disregarded an excessive risk to the prisoner's well-being. *Farmer*, 511 U.S. at 840–44; *Hamilton v. Leavy*, 117 F.3d 742, 747 (3d Cir. 1997). Not only must a prison official be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but the official "must also draw the inference." *Farmer*, 511 U.S. at 837; *Wallace v. Doe*, 512 F. App'x 141, 144 (3d Cir. 2013). "[T]he official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Beers–Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001); *Jones v. Day*, Civil No. 03-1585, 2007 WL 30195, *3 (W.D. Pa. Jan. 4, 2007) ("[i]t is not an objective test for deliberate indifference; rather, the court must look to what the prison official actually knew, rather than what a reasonable official in his position should have known"). *See also Jones v. Beard*, 145 F. App'x 743, 745 (3d Cir. 2005).

Here, the factual allegations in the Complaint fail to state a claim because Plaintiff cannot show deliberate indifference by Defendant Hughes. First, Plaintiff admits that 12 days after he had been transferred to SSCF, he was placed in protective custody, and remained there for 10 days until he was transferred to Northern State Prison. Plaintiff does not allege that he suffered any injury or contact with Inmate Johnson for the brief 12 days that he was in general population at SSCF. It also is clear that as soon as the "keep separate" status was discovered by Defendant, Plaintiff was promptly placed in protective custody, and then transferred to another facility.

Accordingly, this action is dismissed for failure to state a cognizable claim for relief under § 1983.

## V. CONCLUSION

For the reasons set forth above, the Complaint is dismissed with prejudice, in its entirety, as against all named Defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 1915A(b)(1), (2). An appropriate order follows.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
United States District Judge

Dated: 8/28/14